IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| SCOTT CHAMBERLAIN, | ) | |
| Institutional ID # 07579-094 | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| V. | ) | CIVIL ACTION NO. |
| | ) | 1:08-CV-027-C |
| RODNEY CHANDLER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## ORDER

The United States Magistrate Judge entered a Report and Recommendation on September 8, 2008 (Doc. 22), wherein he recommended that Plaintiff's claims that he was subjected to cruel and unusual punishment be dismissed without prejudice for failure to exhaust administrative remedies and that Plaintiff's claim that he was deprived of his rights under the Americans With Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* (hereinafter "the ADA") be dismissed with prejudice as frivolous because the ADA is not applicable to the federal government. Plaintiff filed an Objection Motion to the Magistrate Judge's Report and Recommendations (Doc. 24), Specific Objections to the Magistrate's Report and Recommendations (Doc. 26), and Motion Objecting to Magistrate Report and Recommendations (Doc. 29).

The undersigned United States District Judge has made an independent examination of the record in this case and has examined the findings, conclusions, and recommendations of the Magistrate Judge as well as the specific objections of the Plaintiff.

The Court specifically notes Plaintiff's objection to the Magistrate Judge's recommendation that his complaint be dismissed without prejudice for failure to exhaust administrative remedies. During the *Spears* hearing, Plaintiff testified under oath that he had not filed administrative grievances at the regional and central office level concerning claims arising during his confinement to FCI Big Spring because he had already filed BP-10 and BP-11 grievances while he was incarcerated at other units.[1] In his objection, Plaintiff contradicts his prior assertion that he did not file a BP-10 because he did not feel he needed to, by claiming that he did, in fact, request a BP-10 form from his staff counselor and was told that no copies were available, and therefore, he had exhausted the administrative remedies that were available to him (Doc. 26). Plaintiff also alleges that the Magistrate "failed to state Chamberlain filed what was available to him by his staff counselor" (Doc. 26), even though at no point during the *Spears* hearing did Plaintiff indicate that he had made any attempt to file a BP-10 concerning his FCI Big Spring claims. Consequently, the Court does not find Plaintiff's claim that he was unable to file a BP-10 grievance because the form was not made available to him by his counselor to be a credible claim, and his objection is overruled.

The Court also notes that to the extent that Plaintiff's objections to the Magistrate's recommendations can be construed to allege claims under the Rehabilitation Act of 1973, 29 U.S.C. § 794 (a) (hereinafter "the Rehabilitation Act"), such complaints suffer deficiencies similar to his ADA claims. *See Arawole v. Hemingway*, 2005 WL 1630013, *2 (N.D. Tex. 2005)

---

[1] In response to the question "[d]id you submit BP-10 and BP-11 appeals regarding your request to have an inmate helper push your wheelchair, to have the roads resurfaced and repaired at FCI Big Spring, and your requests for additional medical treatment," Plaintiff stated in pertinent part: "[D]id I BP-10 or BP-11 the issues with Big Spring. No. Why should I? I've already gone to Washington DC with BP's at other institutions all the way to Washington. . . ."

(holding that any claims for monetary damages under the Rehabilitation Act for alleged discrimination under any program or activity against the Bureau of Prisons or its director are shielded by sovereign immunity). Therefore, Plaintiff's claims under the Rehabilitation Act should be dismissed with prejudice as frivolous.

The Court finds that Plaintiff's objections should be overruled in all things and accepts and adopts the findings, conclusions, and recommendation of the Magistrate Judge.

It is, therefore, ORDERED:

1. Plaintiff's claims that he was deprived of his rights under the Americans with Disabilities Act and the Rehabilitation Act of 1973 are hereby DISMISSED WITH PREJUDICE, pursuant to 28 U.S.C. § 1915A (b)(1).

2. Plaintiff's claims that he was subjected to cruel and unusual punishment in the form of deliberate indifference to his medical needs and health and safety and that he was subjected to retaliation are hereby DISMISSED WITHOUT PREJUDICE, for failure to exhaust administrative remedies.

3. Any pending motions are denied.

4. The dismissal of Plaintiff's complaint does not release Plaintiff or the institution where he is incarcerated from the obligation to pay any filing fee previously imposed.

5. Plaintiff is advised that if he appeals this Order, he will be required to pay the appeal fee of $455.00 pursuant to the PLRA, and he must submit an application to proceed *in*

*forma pauperis* and a 6-month Certificate of Inmate Trust Account at the same time he files his notice of appeal.

Judgment shall be entered accordingly.

Dated November 6, 2008.

_____
SAM R. CUMMINGS
UNITED STATES DISTRICT COURT